IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE LAMPLEY, | § | |
| BOP Register No. 27717-078, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:22-cv-1857-C-BN |
| | § | |
| C. RIVERS, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Willie Lampley, a federal prisoner incarcerated in this district, was convicted of receipt of child pornography and possession of child pornography in the Eastern District of Texas and sentenced to 210 months and 120 months to run concurrently. *See United States v. Lampley*, 1:18-CR-00020-MAC-KFG(1) (E.D. Tex. Dec. 20, 2018), *aff'd*, 781 F. App'x 282 (5th Cir. 2019) (per curiam).

Lampley appears to be currently challenging these sentences under 28 U.S.C. § 2255. *See Lampley v. United States*, No. 1:19-cv-00622-MAC-CLS (E.D. Tex.).

Despite the pending Section 2255 motion, Lampley filed in this district a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his underlying criminal convictions and urging that Section 2255 is neither an adequate nor an effective remedy. *See* Dkt. No. 3.

Senior United States District Judge Sam R. Cummings referred Lampley's Section 2241 petition to the undersigned United States magistrate judge under 28 U.S.C. § 636(b) and a standing order of reference.

> Generally, if a prisoner has challenged his conviction with a failed § 2255 motion, he doesn't get a second bite at the apple under § 2241. *See Santillana v. Upton*, 846 F.3d 779, 781-83 (5th Cir. 2017). In fact, a prisoner generally can't use § 2241 to challenge his conviction.
>
> But there's an exception: Under § 2255(e)'s "savings clause," *id.*, a prisoner can use § 2241 to challenge his conviction if § 2255 "is inadequate or ineffective to test the legality of his detention." And § 2255 is "inadequate or ineffective" if "(1) the § 2241 petition raises a claim that is based on a retroactively applicable [United States] Supreme Court decision; (2) the claim was previously foreclosed by circuit law ... and (3) that retroactively applicable decision establishes that the petitioner may have been convicted of a nonexistent offense." *Santillana*, 846 F.3d at 782 (cleaned up). "The petitioner bears the burden" of "com[ing] forward with evidence showing each element of [that] test." *Garland v. Roy*, 615 F.3d 391, 394 (5th Cir. 2010) (cleaned up).

*Abram v. McConnell*, 3 F.4th 783, 785 (5th Cir. 2021).

Lampley has not carried his burden to show each element of this circuit's standard to invoke the savings clause. For example, he fails to identify a retroactively applicable Supreme Court decision.

And, just because the court that convicted him has yet to rule on Lampley's Section 2255 motion does not render Section 2255 "inadequate or ineffective to test the legality of his detention." *See, e.g.*, *Richards v. Warden*, No. 1:20-CV-623-P, 2020 WL 4250105, at *3 (W.D. La. June 17, 2020) ("Richards cannot show that § 2255 is inadequate to challenge his sentence, as his § 2255 motion remains pending in the court of conviction. Moreover, Richards does not allege or demonstrate that he meets the requirements of the savings clause." (citation omitted)), *rec. adopted*, 2020 WL 4249435 (W.D. La. July 23, 2020).

Absent the savings clause, the Court is without jurisdiction to consider the Section 2241 petition attacking Lampley's underlying convictions and sentences. *See,*

*e.g.*, *Carter v. Blackmon*, 732 F. App'x 268, 270 (5th Cir. 2018) (per curiam) ("Although the district court did not address its jurisdiction under the savings clause, we are required to examine it. Carter has failed to show that he was actually innocent of the crime of conviction, and he is not entitled to use the savings clause of § 2255 to challenge his sentence by petitioning under § 2241. Because Carter failed to meet the savings-clause standard and was convicted and sentenced in the Eastern District of Missouri, the district court for the Southern District of Mississippi lacked jurisdiction to consider his *Johnson* and *Mathis* claims." (citations omitted)).

## Recommendation

The Court should dismiss the 28 U.S.C. § 2241 petition for lack of jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 25, 2022

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE